IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT BROOKS<br>3125 Custer St.<br>Philadelphia, PA 19136 | : | |
| Plaintiff, | : | JURY DEMANDED |
| v. | : | |
| PREVENTION POINT<br>2913-2915 Kensington Avenue<br>Philadelphia, PA 19134 | : | No.: 2:20-cv-6379 |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Albert Brooks ("Plaintiff"), by way of his Complaint in this matter, alleges the following:

### I. NATURE OF CLAIM

1. Plaintiff brings this lawsuit seeking recovery from Defendant for damages arising from the following causes of action: (a) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for failure to pay overtime; (b) violation of Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), for retaliation; (c) violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. &260.3, et seq. ("PWPCL"); (d) violation of the Pennsylvania Minimum Wage Act, 43 Pa C. S. &333.101, et seq. ("PMWA");  (e) wrongful termination in violation of public policy pursuant to Pennsylvania common  law; and, (f) violation of Title VII of the Civil Rights Act of 1964.

### II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Albert Brooks (hereinafter "Plaintiff"), is an adult individual and citizen, residing at the above address.

3. Defendant, Prevention Point (hereinafter "Defendant"), is a non-profit domestic corporation organized and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above address.

4. Defendant was within the personal jurisdiction and venue of this Court.

5. Jurisdiction is conferred by 28 U.S.C. § 1331 and 1343.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Mr. Brooks exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act filed with the EEOC on June 23, 2020 with a request for dual filing. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

8. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable federal and state law.

9. Pursuant to 28 U.S.C. 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

### III. FACTS

10. Defendant primarily provides social services in the City of Philadelphia.

11. Defendant is an employer covered by the record-keeping minimum wage, wage payment, and overtime pay mandates of the Pennsylvania Minimum Wage Act (PMWA).

12. On or about November 18, 2018, Defendant hired Plaintiff to work as a Restroom Attendant (Dropping Staff).

13. Defendant paid Plaintiff a rate of $15.00 per hour

14. During the almost 2 years of his employment with Defendant and at Defendant's request, Plaintiff routinely and regularly worked more than 40 hours per workweek.

15. Plaintiff's claims exceed the compulsory limit for arbitration in Philadelphia County, Pennsylvania.

16. Despite working more than forty (40) hours per week, the Plaintiff did not receive overtime pay.

17. Plaintiff worked a significant amount of overtime without proper compensation.

18. In November of 2019, Defendant hired a new female manager named Kerrie H.

19. Plaintiff is the only African American and male employee in Kerrie H.'s department.

20. Multiple employees have been promoted in front of Mr. Brooks, even though he was with the company longer.

21. Ms. Kerrie was hiring for a front desk worker and when Plaintiff inquired, she told him that she wanted someone who was bilingual; however, she hired another person to fill that position who only spoke English.

22. During a meeting, on January 6, 2020, regarding television privileges, Plaintiff asked her a question and she did not respond.

23. Ms. Kerrie walked out and when she returned she replied "I apologize I was just using my white privilege."

24. When Mr. Brooks asked Ms. Kerrie what she meant, she did not respond.

25. A few days later, on January 11, 2020 Plaintiff was called into Kerrie's office where he was terminated.

26. When Plaintiff asked why he was being fired, Kerrie gave him a write up sheet from an incident that happened a year prior, even though he had already been disciplined for that the previous year and was fired despite this.

## IV. CAUSES OF ACTION

### Count 1
### Fair Labor Standards Act–Failure to Pay Overtime and Minimum Wages

27. Plaintiff realleges and incorporates by reference the preceding paragraphs above as they were set forth herein verbatim.

28. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

29. At all times pertinent to this Complaint, Plaintiff was an employee of Defendant who was "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. § 8207(a).

30. At all times relevant herein, Defendant was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

31. Defendant required Plaintiff to work "off the clock" by failing to compensate him for all hours during a workweek for which he was "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

32. Defendant employed Plaintiff for workweeks longer than forty hours without compensating Plaintiff at a rate of one and on-half times his regular rate of pay as required by 29 U.S.C. § 207(a).

33. Plaintiff is entitled to unpaid overtime compensation at the rate of one and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, liquidated damages in an equal amount, and his reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## Count II FLSA—Retaliation

34. Plaintiff realleges and incorporates by reference the preceding paragraphs above as if they were set forth herein verbatim.

35. Plaintiff complained about pay practices of Defendant that were unlawful under the FLSA.

36. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein.

37. Defendant knew that Plaintiff was being retaliated against because he spoke up concerning the wage and hour violations.

38. Defendant did nothing to rectify the wage and hour violations that Plaintiff complained about.

39. Defendant is liable for the acts of individual supervisors, managerial employees, and the acts of their agents.

40. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover from Defendant for front-pay, back-pay, reasonable attorneys' fees and costs, disbursements of prosecuting this case, plus liquidated damages, and post judgment interest.

## Count III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

41. Plaintiff realleges and incorporates by reference the preceding paragraphs above as if they were set forth herein verbatim.

42. This count sets forth a claim arising pursuant to the PWPCL, 43 P.S. §§ 260.1, *et seq.* The PWPCL requires Defendant to timely pay full wages due to Plaintiff and provides statutory damages for the failure to timely pay all wages due.

43. Defendant is an "employer" as defined by PPWPCL.

44. Defendant willfully failed to pay Plaintiff all amounts of wages earned within the time limits set forth in PWPCL, 43 P.S. §§ 260.1, *et seq.*

45. Defendant failed to pay Plaintiff time and a half for all hours worked over 40 hours per work week.

46. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PWPCL.

## Count IV
## PENNSYLVANIA MINIMUM WAGE ACT

47. Plaintiff realleges and incorporates by reference the preceding paragraphs above as if they were set forth herein verbatim.

48. This count sets forth a claim arising pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §& 333.101, et seq.

49. The PMWA requires Defendant to timely pay full wages due to Plaintiff.

50. The PMWA provides statutory damages for the failure to timely pay all wages due.

51. Defendant willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PMWA.

52. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PMWA.

53. By failing to timely pay full wages and overtime, Defendant violated Plaintiff's rights protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. §§ 333.104(a.1) and 43 P.S. § 333.113, and its implementing regulations.

54. As a result of Defendant's violations of the PMWA, Plaintiff is entitled to recover the amount of his unpaid wages, together with costs and reasonable attorneys' fees. PMWA, 43 P.S. 8& 333.113.

## Count V
### Wrongful Termination Pursuant to Pennsylvania Common Law

55. Plaintiff realleges and incorporates by reference the preceding paragraphs above as if they were set forth herein verbatim.

56. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages.

## Count VI
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

57. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

58. Defendant took adverse action against Plaintiff by pervasively discriminating against him based on his gender and race.

59. Plaintiff's status as an African American male places him in a protected class.

60. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass Plaintiff.

61. As such, Defendant's pervasive harassment of Plaintiff because of his race and his being male is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

62. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

63. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

64. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Require Defendant to prepare a full accounting of all wages paid and due Plaintiff;

B. Declare that Defendant violated the rights of Plaintiff under the PWPCL and PMWA;

C. Order Defendant to pay to Plaintiff all amounts of unpaid wages earned and due to him, pursuant to PWPCL, 43 P.S. &8 260.1, *et seq.*, and PMWA, 43 P.S. & 333.101, *et seq.*, with such interest as allowed by law;

D. Award to Plaintiff liquidated damages in the sum of $500 or 25 per cent of the total amount of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

E. Judgment against Defendant for all overtime worked at one and half times the regular rate of pay;

F. Judgment for the Plaintiff and against the Defendant for front-pay and back pay;

G. Judgment against Defendant that their violation of the FLSA and its implementing regulations were willful;

H. Judgment against the Defendant for unpaid wages and treble damages;

I. Consequential and liquidated damages in an amount equivalent to the overtime damages and unpaid minimum wages owed to Plaintiff;

J. Award Plaintiff pre-judgment and post-judgment interest;

K. Award to Plaintiff reasonable attorney's fees and costs;

L. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Brooks hereby demands a trial by jury.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
Mary LeMieux-Fillery, Esquire (P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: MaryF@EricShore.com
*Attorney for Plaintiff, Albert Brooks*

DATE: 12/21/20