**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

|                          |   |              |
|--------------------------|---|--------------|
| **ALBERT BROOKS,**       | : |              |
|                          | : |              |
| **Plaintiff,**           | : |              |
|                          | : | **NO. 20-06379** |
| **v.**                   | : |              |
|                          | : |              |
| **PREVENTION POINT,**    | : |              |
|                          | : |              |
| **Defendant.**           | : |              |

———————————————————————

**Goldberg, J.**                                              **December 28, 2021**

## <u>MEMORANDUM OPINION</u>

Plaintiff Albert Brooks, former employee of Defendant Prevention Point, was terminated after almost fourteen months of employment with Defendant. He brings claims for discrimination on the basis of race and gender arising from that termination and circumstances leading up to the termination. Defendant Prevention Point moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons that follow, I will deny Defendant's request to dismiss the disparate treatment claims but will grant Defendant's motion and dismiss Plaintiff's hostile work environment claims.

1

## I. FACTS

The following facts are taken from the Amended Complaint.[1]

Plaintiff was employed by Prevention Point for almost two years as a restroom attendant. During this period, Plaintiff routinely worked at least forty hours per work week. In November of 2019, Prevention Point hired a new female manager named Kerrie H (Kerrie), at which point Plaintiff was the only African-American and male employee under Kerrie's management. (Am. Compl. ¶¶ 12–19)

Multiple employees were promoted ahead of Mr. Brooks at Prevention Point. In one instance, Brooks inquired about the hiring process for a front desk worker position. He was told by Kerrie that she was seeking to hire someone bilingual for the position. Subsequently, an English-only speaker was hired. On another occasion, a senior position in Plaintiff's workspace opened up. The person hired for that position did not end up "work[ing] out," and Plaintiff subsequently assumed the duties of the position for approximately five months. Plaintiff approached Kerrie about being considered for the position and he was denied. Another individual was ultimately hired for that position. (Id. ¶¶ 20–32).

On a separate occasion, Plaintiff attended a work meeting where Kerrie and other coworkers were present. At some point during the discussion Kerrie walked out of the room and then returned, commenting mockingly that she was "just using my white privilege." A coworker asked Kerrie what she meant by that statement, which elicited no response. Subsequently, Kerrie went around the room and asked the staff whether they thought that she was racist. Kerrie asked

---

[1]      In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

Plaintiff the question multiple times, but he refused to answer. Eventually, Plaintiff responded that he felt that people in his workplace were racist. The next day, Plaintiff arrived at work and had trouble clocking in. When Mr. Brooks informed Kerrie about this difficulty clocking in, she told him that he was terminated, allegedly because of a year-old incident for which Plaintiff had been previously disciplined. (Id. ¶¶ 33–41).

On December 21, 2020, Plaintiff brought suit against Defendant alleging violations of the Pennsylvania Wage Payment and Collection Law (Count I), Pennsylvania Minimum Wage Act (Count II), Title VII of the Civil Rights Act of 1964 (Count III), and 42 U.S.C. § 1981 (Count IV). Defendant moves to dismiss Counts III and IV.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint does not show an entitlement to relief when the well-pled facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679). Courts must construe the allegations in a complaint "in the light most favorable to the plaintiff." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).

## III. DISCUSSION

Defendant alleges that Plaintiff has not pled sufficient facts to establish a *prima facie* claim of discrimination. Accordingly, Defendant moves to dismiss Counts III and IV, alleging race and gender discrimination pursuant to Title VII and 42 U.S.C. § 1981. Specifically, Defendant alleges that neither count plausibly states either (a) a claim for disparate treatment or (b) a claim for a hostile work environment.

### A.     Disparate Treatment Claims

Title VII provides that it is an "unlawful employment practice for an employer to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin[.]"[2] 42

---

[2]     The substantive elements of a claim under 42 U.S.C. § 1981 are generally identical to the elements of an employment discrimination claim under Title VII, 42 U.S.C. § 2000e-2(a)(1). For the sake of analyzing the merits of factual allegations under Twombly/Iqbal pleading standards, the two claims may be reviewed as one.

U.S.C § 2000e–2(a)(1). Under this statute, claims based upon circumstantial evidence of discrimination, such as those presented by Plaintiff, are governed by the familiar burden-shifting framework set forth by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Jones v. Sch. Dist. of Philadelphia,</u> 198 F.3d 403, 410 (3d Cir.1999) (stating that Title VII, section 1981, and PHRA claims are analyzed using the <u>McDonnell Douglas</u> burden-shifting framework).

Under the <u>McDonnell Douglas</u> framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. <u>Sherrod v. Philadelphia Gas Works</u>, 57 F. App'x. 68, 73 (3d Cir. 2003). In the pleading stage, a plaintiff need not plead the *prima facie* elements to survive a motion to dismiss. <u>Lara v. Samuel Adams Pennsylvania Brewing Co., LLC</u>, No. 20-cv-0498, 2020 WL 5211206 at *6 (E.D. Pa. Sep. 1, 2020). Rather, these claims require facial plausibility, meaning that the allegations must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim's necessary elements. <u>Id.</u> (citing <u>Dreibelbis v. County of Berks</u>, 438 F. Supp. 3d 304, 313–14 (E.D. Pa. 2020)).

Here, Plaintiff alleges both gender and race discrimination. I address each individually.

1.   <u>Gender Discrimination</u>

Plaintiff asserts he was subjected to gender discrimination but alleges no facts to support this claim besides the fact that he was the only male being supervised by a female supervisor. As Plaintiff has not offered any facts to raise a reasonable inference of gender discrimination, these claims will be dismissed.

2.   <u>Race Discrimination</u>

With regard to Plaintiff's claims of racial discrimination, a *prima facie* claim requires that plaintiff show that he (1) is a member of a protected class; (2) was qualified for the position; (3)

suffered an adverse employment action; and (4) the circumstances of an adverse employment action give rise to an inference of discrimination. Cooper v. Thomas Jefferson Univ. Hosp., 743 F. App'x 499, 502 (3d Cir. 2018). The first three elements are not contested. Defendant contends that Plaintiff has not pled sufficient facts to satisfy the fourth element.

I disagree and find that Plaintiff plausibly alleges facts to support that both his termination and his lack of promotion were the result of discrimination. Plaintiff alleges that he is the only African-American in his employment department. When Plaintiff inquired into a front desk worker position, his supervisor informed him that she was not hiring in-house for that position. The position was then later filled in-house. Plaintiff further alleges that, no more than three months after the rejection, he was subjected to an incident where his supervisor singled him out at a staff meeting by continually asking him, the only African-American individual present at the meeting, a race-related question. In this incident, the supervisor persisted in her questioning, despite Plaintiff's unwillingness to respond. Directly preceding this incident, Plaintiff's supervisor made a mocking comment related to race. Plaintiff was terminated the next day. Viewing these circumstances in the light most favorable to the Plaintiff, I find that these allegations give rise to an inference of discrimination.

In an effort to argue that these isolated comments are insufficient to establish a *prima facie* case of discrimination, Defendant relies on several cases, all of which are unpersuasive. Each of those cases survived past the pleading stage and were dismissed on summary judgment when the plaintiff failed to adduce evidence to support the *prima facie* case. See Mohebi v. York Hospital/Wellspan Health, No. 1:07-cv-2255, 2009 WL 648981 (M.D. Pa. March 10, 2009) (holding that a medical resident of Iranian origin failed to provide evidence demonstrating a hospital's discriminatory animus in order to establish a *prima facie* case of employment

discrimination and thus overcome the hospital's motion for summary judgment); <u>Keller v. Orix</u>
<u>Credit Alliance, Inc.</u>, 130 F.3d 1101 (3d Cir. 1997) (holding that evidence did not establish that an
employer's articulated reason for failing to promote and for terminating an employee was pretext
for discrimination); <u>Poland v. Computer Sciences Corp.</u>, No. 04-cv-217, 2005 WL 2454945 (D.
Del. Oct. 5, 2005) (holding that the plaintiff failed to meet the evidentiary burden to establish a
*prima facie* case).

At the motion to dismiss stage, I must take all well-pled factual allegations in the complaint
as true. Doing so, I find that Plaintiff has plausibly pled sufficient facts to give rise to an inference
of discrimination, thereby setting forth a *prima facie* case of racial discrimination. Accordingly, I
will deny Defendant's motion in this regard.

## B. <u>Hostile Work Environment</u>

The Amended Complaint also appears—albeit not clearly—to assert a claim for a hostile
work environment. Reading the facts as pled in the light most favorable to the Plaintiff, I find that
such a claim is not adequately pled.

To state a claim for hostile work environment on the basis of race, "a plaintiff must show
that '1) the employee suffered intentional discrimination because of his/her [race], 2) the
discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff,
4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5)
the existence of *respondeat superior* liability [meaning the employer is responsible].'" <u>Castleberry</u>
<u>v. STI Grp.</u>, 863 F.3d 259, 263 (3d Cir. 2017) (quoting <u>Mandel v. M & Q Packaging Corp.</u>, 706
F.3d 157, 167 (3d Cir. 2013)). The plaintiff must plead harassment extreme enough to amount to
a change in the terms and conditions of employment. <u>Id.</u> at 264. A single, isolated incident, if
severe enough, can suffice to state a claim for hostile workplace environment. <u>Id.</u> at 264–65. A

plaintiff must "plead [such an] incident 'to be extreme to amount to a change in the terms and conditions of employment.'" Id. at 265 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)). "A court reviewing allegations in support of a claim of hostile work environment must evaluate '[t]he totality of the circumstances[, which] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Doe v. Triangle Doughnuts, LLC, 472 F. Supp. 3d 115, 128 (E.D. Pa. 2020) (citing Suri v. Foxx, 69 F. Supp. 3d 467, 480 (D.N.J. 2014)). "It is not enough that 'the employee subjectively perceives [the environment] as abusive or hostile[.]'" Friel v. Mnuchin, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020) (quoting Ullrich v. U.S. Sec'y of Veterans Affairs, 457 F. App'x 132, 140 (3d Cir. 2012)). "The environment must also be 'objectively hostile or abusive," one "a reasonable person would find hostile or abusive.'" Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Courts have dismissed hostile work environment claims where there is single, non-severe incident. In Nuness v. Simon & Schuster, Inc., 221 F. Supp. 3d 596 (D.N.J. 2016), the court granted in relevant part a motion to dismiss, holding that a co-worker's single use of the racial epithet "niglet" did not rise to a sufficient level of severity or pervasiveness to sufficiently plead racial harassment under the New Jersey Law Against Discrimination.[3] Id. at 601–02. Similarly, the United States Court of Appeals for the Third Circuit, in Davis v. City of Newark, 285 Fed. App'x 899, 901–02 (3d Cir. 2008), upheld the dismissal of a hostile work environment claim where the

---

[3] The New Jersey Law Against Discrimination is based on federal precedent governing Title VII, and its "severe or pervasive" standard is in conformity with federal Title VII law. Hurley v. Atl. City Police Dep't, 174 F.3d 95 (3d Cir.1999); see also Lehman v. Toys R Us, Inc., 626 A.2d 445, 455 (N.J. 1993).

plaintiff was called "a pain in my balls," had her tires slashed, and was ignored by co-workers who only spoke Spanish in her presence, among other allegations. See also Exantus v. Harbor Bar & Brasserie Rest., 386 Fed. App'x 352, 354 (3d Cir. 2010) (holding that the defendant's use of the epithet "Haitian fuck" several times did not rise to the level of severe or pervasive).

In light of this precedential background, I find that Plaintiff has not plausibly pled a hostile work environment claim. The single incident of Plaintiff's manager "badgering" him in front of his coworkers about whether or not he thought she was racist simply cannot be said to constitute the level of severity that one might expect to be extreme enough to amount to a change in the terms and conditions of employment. While the incident, read in a light most favorable to the Plaintiff, could be viewed as humiliating, it could not have reasonably interfered with Plaintiff's work performance or created an objectively hostile or abusive environment. Accordingly, Defendant's motion to dismiss will be granted on this ground.

## IV. CONCLUSION

I will deny Defendant's Motion to Dismiss Counts III and IV of the Amended Complaint to the extent Plaintiff sets forth a claim of discrimination, but will grant the Motion to the extent Plaintiff alleges a claim for a hostile work environment.

Although I remain cognizant that a court must *sua sponte* allow a plaintiff leave to amend his or her complaint, I need not grant leave to amend where it would be inequitable or futile to do so. Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, Defendant initially sought to dismiss the hostile work environment claim and, in response, Plaintiff filed an Amended Complaint in an effort to correct any deficiencies. As the Amended Complaint still fails to adequately plead a hostile work environment, I find that any additional efforts to do so will be futile. Accordingly, that claim will be dismissed with prejudice.

An appropriate Order follows.